May it please the Court, Your Honors, this dispute arises out of serious injuries suffered by my client, Raeburn Bedford, following his opening the doors of a trailer truck that in the room, obviously the central issue here, the main issue with the litigation, was previous failure to submit a timely statement of disputed facts by counsel for the plaintiff which obviously dealt a major blow to the case and yet the reason why we're here, the reason why I want to talk to you, is that once you really dive into the relevant law, this dispute is not black and white, and I would say that the case actually strongly favors the plaintiff because of the relevant law. And I would just raise to you that the district court, Judge Holmes, Chief Judge Holmes, in his May 31st, 2016 opinion, he didn't really explore the relevant law at all, and there is a lot of law regarding properly loading and securing and transporting tractor-trailers. And it seemingly just assumed that the failure to submit the statement of disputed facts was dispositive. Well, the problem it seemed, as I read the case, was without putting the facts in dispute, the court was essentially looking at what proof had been put forward to establish the With the only evidence being before it were the versions of the facts put forth by the defendant, it appeared to the court that there was no dispute of fact and therefore you had failed to, you had a failure of proof. Yeah, I understand that completely, but if you look at the statement of undisputed facts that was submitted by the defendant, it was artfully done, obviously, but there are some pretty glaring omissions, and I wish, this is kind of obliquely raised in the briefing. You can't argue from the omission standpoint, you have to argue from what's there, what the court's looking at is what was the version of facts presented there in the court. And the version of facts that they present, they do not claim that they did anything to secure the cargo. They did not use a load lock, which is very common in this instance, and they didn't stack down. And they actually admit in deposition testimony of Gerald Watkins, who was responsible for loading the cargo and securing the cargo, he admits that it's their practice if the cargo is too full not to stack it down. So he basically admits that if we want to fill it to the brim, we will cut corners on So that's just the fact. And another issue is the failure to secure by itself is a breach of a duty. We raised this in the briefing when we talked about suspense versus ESAB. It was the mere fact that the cargo became dislodged and caused an accident, that in itself was the breach of the relevant duty. Here it's uncontested that the cargo moved because it was against the door. So the mere fact that the cargo moved and it was against the door is prima facie evidence that a duty was breached. And while there are other factual issues that I'm sure opposing counsel will probably talk about relating to driving patterns of a truck driver or taking a steep turn, those facts go to weighing of evidence. You can look at the failure to secure. You can look at the route that was taken. You can look at the driving pattern. But that goes to weighing whether the failure to secure was the cause of the accident or whether it was something else. I'm sorry, counsel, but under cellotex, I think the duties outlined in cellotex are pretty clear, and that is when the defendant files a motion for summary judgment, that means that the party with the burden of proof, which in this case would be you, has to come forward with some evidence that would survive a motion for directed verdict, essentially. That didn't happen. Without regard to what the defendant said, you have to make your case. Don't you have to present some facts that would make a case for you? Well, what I would say is the initial burden is on the moving party, if I'm correct. To make the motion? Yes. And if you read the statement of undisputed facts, there is no claim that they did anything to secure the cargo, which I think by itself, especially under Spence v. ESAB, and we cite a load of cases, U.S.B. Better Life Technology, Smith v. H.E. Supply Water Works, Tabasco Services. Under the case law, when there's a shift, that in itself is a serious issue. That is prima facie evidence. I think what you're saying makes some logical sense if you just read the rule for summary judgments. But if you read the cases, it seems to me that the cases tend in the direction of saying, well, you have to come up with something at that point to make your case that would survive a motion for summary judgment. I know exactly what you're saying. If you read the rule, what you're saying, as I said, has a lot of logic to it. The issue was this sort of, by other counsel, the failure to respond and for all those facts to be admitted. But what I would say is when you read the statement of undisputed facts, they avoid the major issue. And it's because it's a factual issue. You could say we admit all that, but we still have a claim. You could say that, but you didn't. Not you, but the party. And you didn't set out to claim. I mean, I understand what you're saying. Yeah, it really put things in a difficult position. But when you dive into it, it's not a reciprocal case. It's my understanding that the fact that an accident occurred doesn't raise an inference of fault. Yeah, but you know, all the basic legal propositions that are in the way of your difficulty here. And I have to, I'll be reserving my time shortly, but something else to consider is, I mean, this was a, very interestingly enough, this was a central case that the opposing counsel relied on, which is Vargo Shaper v. Weyerhaeuser. That's an Eighth Circuit case where they adopt the Savage Rule. And in that case, they assumed, they assumed that the loading of the truck was negligently done. I would ask this court to adopt the same identical position. There was evidence there that it was negligently loaded. And I would say the fact that the boxes came undone is prima facie evidence. Plus, I mean, I can point to you the deposition transcript where he says, we did nothing to secure it. We did nothing. And the fact that he did nothing to secure it and it came undone, I think puts you in a very good position to assume, for the sake of the case... Put that in an answer to their motion that might have carried the day. Fair enough. So, but insofar as the factual evidence is all there, it puts you in a good position to say, we are going to assume that it was negligently done. And then you can look at whether it was a latent or a patent defect. And opposing counsel, again, a very interesting litigation strategy, they stress repeatedly that he had no experience in opening these types of doors. That goes the fact that he opened the door the way that you or I would have opened the door, someone who has no experience, which points to the fact that it's a latent defect. So under the savage rule, I would submit to you that everything is here in order to find that the case was a little bit more complicated than Chief Judge Holmes alluded to in his opinion and order. And that as facts stand, this was not something that was right for summary judgment because it really got into the weighing of the evidence, which is something that's just not really pertinent at this point in the litigation. The facts as they stand, they really need to be done and weighed and adjudicated by the trier of fact. I'll reserve my remaining time. Thank you. Thank you, counsel. Mr. Thompson. May it please the court. My name is Michael Thompson and I'm here on behalf of International Paper Company. Mr. Rabin Bedford failed to file a response to International Paper Company's motion for summary judgment. As a result, he was deemed to have admitted International Paper Company's statement of undisputed fact and Mr. Bedford does not challenge that decision on appeal. That leaves Mr. Bedford facing the uphill climb of arguing that International Paper failed to satisfy its initial burden on a motion for summary judgment. And Judge Arnold, as you raised, our initial burden on motion for summary judgment is set out in Celotex and we don't have to negate our opponent's claim under Celotex. We don't have to prove that International Paper Company wasn't negligent or wasn't the proximate cause. We can simply point out the absence of evidence to support our opponent's claims. In other words, we can say you can't prove we were negligent. You can't prove that our conduct was the proximate cause. Did the allegations of the complaint go past just a simple statement of allegation of negligence? Was there an allegation that there was some specific responsible action that was not taken? Your Honor, I have not, um, I would defer to reviewing the allegations of the complaint. I am not aware of any specific allegation of here's what was wrong with, here's what was wrong with the load from the complaint. But if the complaint has something, I'm not aware of it. Um, what we put in from our statement of undisputed material facts, we talked about the experience of the person who had loaded it. He'd been doing this for 19 years. We talked about how he'd never had, we had a statement in there about how he'd never had a prior, a prior accident. Um, we put in the plaintiff and the plaintiff admitted that there were other possible causes independent of negligence that could have caused this accident, including the terrain of the road, including his driving, including the failure of a load securement device. I note that my opposing counsels are true facts or I mean actual facts to say that it could have been something else. Well, your Honor, I would, I would point this court to the Vargo shaper case where it was an 11 mile drive on, on that case. And even though the court assumed that the shipper there was negligent, and of course we moved for summary judgment on negligence in this case, even though the court assumed that the shipper had been negligent, they said, boy, too much could have happened in that 11 mile drive. And it would be speculation for us to say that the danger caused by how they, how they loaded this was the cause of, was the cause of this accident. And so they affirmed summary, this court affirmed summary judgment for an 11 mile drive. This was 152 mile drive. Now that's due to the absence of showing what did happen as opposed to saying any number of possible things could have happened. That's right. Because Arkansas law, when there are multiple possible causes, Arkansas law to make out a case of proximate causation requires you to put forth evidence, the plaintiff, to put forth evidence to, that tends to eliminate those other possible causes. So again, from our standpoint, we don't have to prove what happened here. We have to prove, we just have to show that they can't prove what happened here. And when we pointed out and they admitted that there were these other possible causes that could have happened on this 152 mile trek with this load, then the burden was on them to come forth with evidence, show, no, it was actually something you did with this load. Now, Mr. Bedford pins his hopes essentially on the savage rule. And the savage rule is, is really a limited duty rule for shippers because under DOT regulations, it's the carrier here, Mr. Bedford and his employer, Dancor, that always retain primary responsibility for the safety of a load. And so the duty of a shipper, even when they undertake responsibility to load the load, is limited to preventing latent defects in the load. And let's talk about what the savage rule does not do. The savage rule does not impose a duty on shippers, and they haven't actually cited a case that it's still a negligence case. Strict liability imposes liability for just not achieving a result. Negligence depends on your conduct. And it depends on what you did or failed to do. So the mere fact, and this is, as Judge Arnold characterized it, just basic tort law, the mere fact that the accident occurred, the mere fact that this load failed is an evidence of negligence on anyone. Now, in terms of Mr. Bedford's experience, that's an issue they've raised. And it's true that in the cases that are cited, that's a factor that is used by the courts to distinguish between latent and patent defects. Because a defect that is obvious to an experienced driver may be hidden to an inexperienced driver. But to get to that step, you first have to find that there is a defect in the load, that there was something done, that there was some negligence in the load. And then you can distinguish was it a hidden or a patent defect. So the experience does not prevent Mr. Bedford's lack of experience, or lack, well, he was an experienced driver. He hadn't been properly trained, which speaks to the negligence of his employer. Counsel, I'm sorry to interrupt your time running out, though I have one question, if you don't mind. Yes, Your Honor. The procedural posture here, as I read the record, this case comes to us on an appeal from a denial of a 59E motion, isn't that right? Your Honor, they did file a 59E motion after judgment had been entered. And it was filed within the, it was filed within 28 days of the judgment. The underlying judgment was not appealed from, isn't that right? It was just a denial of the 59E motion. Is that correct? Your Honor, frankly, that wasn't my understanding. Okay, well, if it were correct, I think our review here wouldn't be just up or down de novo. I think it would be somewhat tougher standards, something like abuse of discretion or something like that. 59E motion is actually a clear abuse of, it's a clear abuse of discretion standard, Your Honor. Okay. And they, and in fact, the Rule 59E motion was, of course, denied because you can't make a Rule 59E motion based on evidence that you could have presented before the judgment. So it's not, Rule 59E is... I'll take a look at the notice of appeal again, but I think this may be an issue. I appreciate, Your Honor, for pointing that out. And if we do get into the Rule 59E motion, a Rule 59E motion is not a get out of jail free card for having failed to file a timely response. They would have to have shown that there was some reason they couldn't present this evidence, and there's been no showing, there's been no showing of that. So there is no cause to, there is no cause to reconsider. I'll take a look at that. Thank you, Your Honor. And then finally, and again, as Your Honor said, it's ultimately just comes down to basic tort principles that preclude this claim. And the second half of the motion was on proximate cause, and again, you can't make a case on proximate cause when there are other possible causes out there that you can't eliminate. And by failing to respond, they demonstrated that they can't eliminate the other possible causes of this accident. And unless there are further questions, I will yield the rest of my time. All right. Thank you, Counsel. Mr. Serrano? Thank you, Your Honors. So two things that I'd like to respond to. First, he said that all they had to do was point out the absence. And what I would argue is that they failed to do that. They failed to put forth any evidence regarding loading and securing the trailer the way that is done by the industry. Their failure to do that obliquely and not clearly and not as transparently as maybe should have been means they failed to meet that standard. They failed to point out the evidence. The other issue, and this is key, is some level of massaging Vargo Shaper. Opposing Counsel respectfully said that, well, in order to do this analysis of latent versus patent defects, you first have to find the defect. And we can't do that in that case. That is not what Vargo Shaper does. The judges in Vargo Shaper assumed, assumed that the trailer had been negligently loaded. I'm asking you to do the same. Assume that the trailer was negligently loaded. Then look to see whether the defect was latent or patent. And based on their vigorous argumentation, there's a good argument to be made that he did not have the experience to render the latent defect patent. Thank you. Thank you, Mr. Serrano. Could I ask a question? Yes, absolutely. Counsel, what order was this appeal taken from? It was my understanding it was from the judgment itself, not from the 59E, and that this review would be de novo. That's what we argued in our briefing. I'll take a look at that. Thank you. Okay. Thank you very much, Your Honors. Thank you, Counsel. We will take your case under advisement and render decisions promptly as possible.